# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 14-CV-330 (JFB)(SIL)

STEPHEN MARCUS,

Plaintiff,

VERSUS

UNITED STATES POSTAL SERVICE, ET AL.,

Defendants.

**MEMORANDUM AND ORDER**
May 20, 2015

JOSEPH F. BIANCO, District Judge:

On January 15, 2014, plaintiff Stephen Marcus ("plaintiff") filed a complaint against the United States Postal Service ("USPS"), the United States of America, and Thomas Reade ("defendants") pursuant to the Federal Tort Claims Act ("FTCA") for damages resulting from injuries he allegedly suffered in a motor vehicle accident caused by Reade while Reade was driving a USPS vehicle on January 21, 2012.

Defendants now move to dismiss plaintiff's claims under Rule 12(b)(1) for failure to timely file an administrative claim with the USPS as plaintiff was required to do under the FTCA's presentment requirement. As a threshold matter, because the Supreme Court recently held in *United States v. Wong*, 135 S. Ct. 1625, 1638 (2015), that the FTCA's time bar is nonjurisdictional (and subject to equitable tolling), this issue cannot be decided under Rule 12(b)(1), but rather must be considered under Rule 12(b)(6). *See, e.g.*, *Torres v. United States*, --- F. Appx. ----, No. 14-3880, 2015 WL 2190966, at *2 (2d Cir. May 12, 2015) ("[A]lthough the district court was correct that the statute of limitations bars Torres's FTCA claim, that conclusion requires a dismissal on substantive, not jurisdictional, grounds."); *Jackson v. Donahoe*, No. 1:15-CV-3, 2015 WL 1962939, at *1 (W.D. Mich. May 1, 2015). In the instant case, because both sides submitted evidence regarding this issue, the Court (with the consent of both sides) has converted defendants' motion into a summary judgment motion under Rule 56 of the Federal Rules of Civil Procedure. For the reasons discussed below, defendants' motion is granted, and the case is dismissed.

I. BACKGROUND

A. Facts

Marcus alleges that, on the morning of January 21, 2012, he was driving near Huntington, NY, when his car was negligently struck by a postal van driven by defendant Reade. (Compl. ¶ 20.) Plaintiff alleges that Reade was operating the postal van on behalf of the USPS as part of his employment duties. (*Id.* ¶¶ 15-16.) Plaintiff alleges that because of the negligence of defendants, he suffered serious personal injuries requiring extensive medical care and ongoing treatment. (*Id.* ¶¶ 26-27.)

B. Procedural History

Plaintiff commenced this action on January 15, 2014. Defendants moved to dismiss on January 16, 2015. Plaintiff filed his opposition to the motion on March 12, 2015, and defendants filed their reply on May 12, 2015. The Court heard oral argument on the motion on May 18, 2015. The Court has fully considered the submissions of the parties.

II. STANDARD OF REVIEW

The standard for summary judgment is well settled. Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013). The moving party bears the burden of showing that he is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The court "'is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments.'" *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*.'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (alteration and emphasis in original) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." 477 U.S. at 249–50 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties alone will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247–48 (emphasis in

2

original). Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "'concrete particulars'" showing that a trial is needed. *R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)). Accordingly, it is insufficient for a party opposing summary judgment "'merely to assert a conclusion without supplying supporting arguments or facts.'" *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (quoting *Research Automation Corp.*, 585 F.2d at 33).

III. DISCUSSION

Defendants argue that plaintiff's claims should be dismissed because plaintiff did not file an administrative claim with the USPS regarding his personal injuries within two years of the incident, and therefore failed to present his administrative claim as required by the FTCA. Having converted the motion to a summary judgment motion, the Court agrees and dismisses plaintiff's complaint.[1]

The FTCA provides, in relevant part:

Subject to the provisions of chapter 171 of this title [28 U.S.C. §§ 2671 *et seq.*], the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). By enacting the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees. *See id.* "The waiver of sovereign immunity under the FTCA, 28 U.S.C. § 1346(b), is strictly limited to suits predicated upon a tort cause of action cognizable under state law and brought in accordance with the provisions of the FTCA," *Finelli v. Drug Enforcement Agency*, No. 92 Civ. 3463 (PKL), 1993 WL 51105, at *5 (S.D.N.Y. Feb. 24, 1993), and this constitutes the exclusive remedy for torts committed by federal employees in the course of their duties. *See, e.g., James v. United States*, No. 99 Civ. 4238 (BSJ), 2000 WL 1132035, at *1 (S.D.N.Y. Aug. 8, 2000); *see also Olmeda v. Babbits*, No. 07 Civ. 2140 (NRB), 2008 WL 282122, at *5 (S.D.N.Y. Jan. 25, 2008); *Finelli*, 1993 WL 51105, at *1 ("While this provision does not apply to suits for violation of federal constitutional or statutory rights, it is well settled that it does provide Government employees with absolute immunity against claims of common-law tort." (citing *Rivera v. United States*, 928 F.2d 592, 608 (2d Cir. 1991)). Thus, to the extent that plaintiff alleges that the United States, or any agency thereof, committed common law torts against plaintiff, any such claim is governed by the FTCA.

---

[1] Defendants also argue that, as a threshold matter, the USPS and defendant Reade are not proper defendants under the FTCA. The Court agrees. Any tort claim against the USPS, an agency of the federal government, or Reade, a federal employee, can only be maintained against the United States under the FTCA. *See* 28 U.S.C. § 2679(a). However, the claims against the United States must be dismissed for the reason discussed *infra*.

3

The Supreme Court has clearly stated that the FTCA "provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim." *Wong*, 135 S. Ct. at 1629 (quoting 28 U.S.C. § 2401(b)); *see also* 28 U.S.C. § 2675(a). "The administrative exhaustion requirement derives from a cardinal principle of law – that the United States, as sovereign, is immune from suits in the courts of law." *Mosseri v. F.D.I.C.*, Nos. 95 Civ. 723 (BJS), 97 Civ. 969 (BSJ), 1999 WL 694289, at *7 (S.D.N.Y. Sept. 8, 1999). Failure to comply with this requirement results in dismissal of the suit. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suits in federal court until they have exhausted their administrative remedies. Because petitioner has failed to heed that clear statutory command, the District Court properly dismissed his suit."); *see also Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) ("The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in district court."); *Adams by Adams v. United States Dep't of Housing and Urban Dev.*, 807 F.2d 318, 319-20 (2d Cir. 1986); *Willis v. United States*, 719 F.2d 608 (2d Cir. 1983); *Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir. 1983); *Rawlins v. M&T Mortgage Corps.,* No. 05 Civ. 2572 (RCC), 2005 WL 2143334, at *4 (S.D.N.Y. Sept. 1, 2005); *Harrison v. Lutheran Med. Ctr.*, No. 05 Civ. 2059 (CBA), 2005 WL 1801626, at *2-3 (E.D.N.Y. July 27, 2005); *Liebers v. St. Albans Med. Ctr.*, No. 99 Civ. 6534 (JG), 2000 WL 235717, at *1 (E.D.N.Y. Feb. 25, 2000); *Solomon v. United States*, 566 F. Supp. 1033, 1035 (E.D.N.Y. 1982).

Additionally, the Supreme Court recently held that the FTCA's time bars "are nonjurisdictional and subject to equitable tolling." *Wong*, 135 S. Ct. at 1638 (2015). A party therefore may avoid having a suit barred under the exhaustion requirement of the FTCA for failing to file a timely administrative claim if he "'pursued his rights diligently but some extraordinary circumstance' prevents him from meeting a deadline." *Id.* at 1631 (quoting *Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1231-32 (2014)).

In the instant case, plaintiff failed to present his administrative claim to the USPS, as required by the FTCA. Plaintiff originally alleged that counsel sent USPS correspondence about his personal injury claim on several occasions, including a comprehensive package containing a completed claim form and supporting documents on October 26, 2012. (Toomey Aff., ECF No. 18-5, ¶ 3.) Defendants denied having received any such correspondence, however, and their reply declaration attached letters sent by plaintiff's counsel to the USPS which demonstrated, in contradiction to plaintiff's allegations, that plaintiff's counsel as of January 14, 2014, had not complied with the presentment requirement. (Cabrera Decl., ECF No. 26.) Based upon the additional documentation filed by the government in its reply, counsel for plaintiff conceded at oral argument that the allegations made in the complaint and opposition papers were mistaken, and that plaintiff apparently did not timely file an administrative claim with the USPS or any federal agency. Plaintiff's counsel also conceded that there was no factual basis for equitable tolling under these circumstances.

In short, given the evidence submitted by defendants (and the absence of evidence to contradict it), it is clear that plaintiff did

not file an administrative claim with the USPS and that this case must be dismissed.

### IV. Conclusion

Defendants' converted motion for summary judgment is granted, because plaintiff's claims are barred due to his failure to timely comply with the FTCA's presentment requirement. The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: May 20, 2015
      Central Islip, NY

\*    \*    \*

Plaintiff is represented by Timothy Kelly, Suris & Associates, 999 Walt Whitman Road, Suite 201, Melville, NY 11747. Defendants are represented by Robert Kambic, U.S. Attorney's Office for the Eastern District of New York, 610 Federal Plaza, Central Islip, NY 11722.